## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

**FILED**

JAN 2 4 2006

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO

| | |
|---|---|
| NATIONAL ALLIANCE, a not-for-profit Virginia corporation, ) ) ) ) Plaintiff, ) ) vs. ) ) BI-STATE DEVELOPMENT AGENCY ) OF THE MISSOURI-ILLINOIS ) METROPOLITAN DISTRICT, a ) Political corporation, ) ) Serve: Registered Agent ) 707 North First Street ) St. Louis, Missouri 63102 ) ) Defendant. ) ) | 4:06CV00111TCM<br><br>Cause No. _____ |

## COMPLAINT – DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF PURSUANT TO 42 U.S.C. § 1983 AND THE FIRST AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

**COMES NOW** Plaintiff, National Alliance, and for its cause of action, states to the Court as follows:

### JURISDICTION, VENUE AND FACTS COMMON TO ALL COUNTS

1.  This Court has federal question jurisdiction over the instant matter pursuant to 28 U.S.C., § 1331, 42 U.S.C., § 1983, and the First and Fourteenth Amendments to the United States Constitution.

2. The National Alliance is a Virginia not-for-profit corporation, incorporated in the Commonwealth of Virginia, with participating members throughout the United States of America.

3. The Bi-State Development Agency of the Missouri-Illinois Metropolitan District (hereinafter "Bi-State") is a political corporation, which does business and has its principal place of business in the City of St. Louis and within the jurisdictional territory of the United States District Court for the Eastern District of Missouri, Eastern Division.

4. Defendant Bi-State operates public transportation in the St. Louis metropolitan district.

5. Bi-State, under the corporate fictitious name of "Metro", operates a light rail system known as the Metrolink.

6. Through the use of a private contractor, Metro solicits advertising placards, which are posted in public places within the cars of the Metrolink. Metro allows both commercial and not-for-profit advertising, and specifically allows advertising by not-for-profit social advocacy organizations such as Planned Parenthood, United Way, and SLATE.

7. Metro has no written regulations limiting the type of advertising that will be acceptable on a Metro train or the language of the advertisement that will be acceptable on a Metro train.

8. Metro determines which advertising will be acceptable for placement on the Metro trains on a case-by-case, *ad-hoc* basis.

Rev. 1/20/2006 2:19 PM

9. On or about November 2003, Metro agreed to post the following placard of the National Alliance on its Metrolink trains:

> "The Future belongs to us!
> National Alliance
> www.NATALLSTL.com   Phone: (314) 995-1586"

10. Metro placed the National Alliance advertisement placards on the Metro for a period of time during January, 2005.

11. Following an anonymous complaint about the identity and viewpoint of the National Alliance, Metro removed the advertisement placards from the Metrolink and refused to place any further placards of National Alliance on the grounds that such advertising was "too controversial" for placement on the Metro.

## COUNT I – DECLARATORY JUDGMENT

**COMES NOW** Plaintiff, National Alliance, and for Count I of its cause of action, states to the Court as follows:

1. Metro creates a limited public *forum* for the purpose of advertising placards on the Metro when it allows, either directly or through an agent, both commercial and noncommercial advertisement placards on the Metro.

2. Metro violates both the First and Fourteenth Amendments to the United States Constitution by refusing the advertisement placards of National Alliance on the basis of its political philosophy, message and identity, for the following reasons:

(a)     Metro's action is unconstitutional as applied to National Alliance because it utilizes viewpoint-based discrimination to exclude National Alliance from a limited public *forum*;

(b)     Metro's exclusion of National Alliance from the limited public *forum* on the basis that the advertisement is "controversial," is facially unconstitutional because the alleged exclusion principle for the limited public *forum* is subjective, vague, overbroad, unwritten, and subject to unfettered discretion of administrative officials and, therefore, leads to the implementation of viewpoint discrimination, all in violation of the First and Fourteenth Amendments to the United States Constitution.

**WHEREFORE,** Plaintiff, National Alliance, prays this Court for a Declaratory Judgment against Bi-State Development Agency of the Missouri-Illinois Metropolitan District that Metro's exclusion of National Alliance's advertising placards from the Metro is a violation of the First and Fourteenth Amendments to the United States Constitution, for their costs in this matter, and for attorneys' fees pursuant to 42 U.S.C., § 1988.

## COUNT II – PRELIMINARY INJUNCTION

**COMES NOW** Plaintiff, National Alliance, and for Count II of its cause of action, states to the Court as follows:

1.     National Alliance has suffered and will continue to suffer immediate, and irreparable harm by the continued denial of its rights under the First and Fourteenth Amendments to the United States Constitution through Metro's denial of placement of National Alliance's advertising.

2. Metro's refusal to accept and post National Alliance's advertising on the basis of its viewpoint and identity is a well-established violation of the First and Fourteenth Amendments to the United States Constitution, and therefore Plaintiff is likely to prevail on the merits of this matter.

3. Plaintiff has no adequate remedy at law with which to correct the deprivation of its Constitutional rights pursuant to the First and Fourteenth Amendments to the United States Constitution.

**WHEREFORE,** Plaintiff, National Alliance, prays this Court issue a preliminary injunction immediately enjoining Bi-State Development Agency of the Missouri-Illinois Metropolitan District from further refusing to accept and post on the Metro the advertising of National Alliance, for its costs in this matter, and for attorneys' fees pursuant to 42 U.S.C., § 1988.

## COUNT III – PERMANENT INJUNCTION

**COMES NOW** Plaintiff, National Alliance, and for Count III of its cause of action, states to the Court as follows:

1. National Alliance has suffered and will continue to suffer immediate, and irreparable harm by the continued denial of its rights under the First and Fourteenth Amendments to the United States Constitution through Metro's denial of placement of National Alliance's advertising.

2. Metro's refusal to accept and post National Alliance's advertising on the basis of its viewpoint and identity is a well-established violation of the First and

Rev. 1/20/2006 2:19 PM

Fourteenth Amendments to the United States Constitution, and therefore Plaintiff is likely to prevail on the merits of this matter.

3. Plaintiff has no adequate remedy at law with which to correct the deprivation of its Constitutional rights pursuant to the First and Fourteenth Amendments to the United States Constitution.

**WHEREFORE,** Plaintiff, National Alliance, prays this Court issue a permanent injunction immediately enjoining Bi-State Development Agency of the Missouri-Illinois Metropolitan District from further refusing to accept and post on the Metro the advertising of National Alliance, for its costs in this matter, and for attorneys' fees pursuant to 42 U.S.C., § 1988.

Respectfully submitted,

**SCHWARTZ, HERMAN & DAVIDSON**

By: _____
Robert Herman, #3382
621 North Skinker Boulevard
St. Louis, Missouri 63130
Ph: 314/862-0200
Fx: 314/862-3050
bherman@621skinker.com

*Attorney for Plaintiff, National Alliance*